UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| LILY JANE, LLC | * | CIVIL ACTION NO.: 13-579 |
|---|---|---|
| | * | SECTION "R" MAG. (5) |
| versus | | |
| | * | HON. SARAH S. VANCE |
| GLOBAL OILFIELD CONTRACTORS, LLC, JEFFREY J. DEROSIA AND JEFFREY G. DEROSIA | * | MAG. JUDGE ALMA L. CHASEZ |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER AND AFFIRMATIVE DEFENSES OF JEFFREY G. DEROSIA TO THE COMPLAINT AND FIRST AMENDED COMPLAINT OF LILY JANE, LLC

NOW INTO COURT, through undersigned counsel, comes Jeffrey G. DeRosia ("Defendant") and for the answer to the Complaint and First Amended Complaint of plaintiff, Lily Jane, LLC, ("Plaintiff"), avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

### SECOND DEFENSE

As a separate and complete defense, and/or in the alternative, Plaintiff's claims are prescribed, preempted, subject to a statute of limitations, or otherwise time-barred.

### THIRD DEFENSE

As a separate and complete defense, and/or in the alternative, the referenced pleading fails to establish that Plaintiff has any right of action against Defendant.

1

## FOURTH DEFENSE

As a separate and complete defense, and/or in the alternative, the Court lacks in personam jurisdiction over Defendant.

## FIFTH DEFENSE

As a separate and complete defense, and/or in the alternative, Defendant objects to the sufficiency of citation, process, and/or service.

## SIXTH DEFENSE

As a separate and complete defense, and/or in the alternative, to the extent Plaintiff has suffered any damages, which is denied, said damages are the result of persons or entities other than Defendant or over whom Defendant had no control and for whom Defendant bears no liability.

## SEVENTH DEFENSE

Defendant denies that Plaintiff sustained any damages as alleged in the Complaint and First Amended Complaint. But should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint and First Amended Complaint, which is denied, Defendant affirmatively shows that Plaintiff's damages were caused by an unavoidable accident for which Defendant cannot be held legally responsible.

## EIGHTH DEFENSE

As a separate and complete defense, and/or in the alternative, to the extent Plaintiff has sustained any damages, which is denied, Plaintiff has failed to mitigate its damages.

## NINTH DEFENSE

Defendant denies that Plaintiff sustained any damages as alleged in the Complaint and First Amended Complaint. But should it be found that Plaintiff was damaged under the

circumstances outlined in the Complaint and First Amended Complaint, which is denied, Defendant shows that Plaintiff failed to exercise reasonable care and diligence to mitigate its damages, which failure on the part of the Plaintiff is specifically pled as a complete and total bar to, or in diminution of, any recovery by Plaintiff in this action.

## TENTH DEFENSE

Defendant denies that the Plaintiff sustained any damage as alleged in the Complaint and First Amended Complaint. But should it be found that Plaintiff was damaged under the circumstances outlined in the Complaint and First Amended Complaint, which is denied, Defendant shows that such damage or damages were caused by the plaintiff's sole fault and/or negligence and/or inattention and/or omissions, which contributory negligence and/or comparative fault/negligence of plaintiff is specifically pled as a complete and total bar to, or in diminution of, any recovery by plaintiff in this action.

## ELEVENTH DEFENSE

The alleged guarantee issued by Defendant is void for lack of consideration.

## TWELFTH DEFENSE

Defendant affirmatively avers that, as the alleged guarantor of a note, he never assumed the role of co-debtor and that Plaintiff may seek collection of debt from the guarantor only after all efforts to collect from the principal debtor have been extinguished.

## THIRTEENTH DEFENSE

Defendant expressly and affirmatively pleads all the applicable and pertinent terms, conditions, limitations, and other defenses contained in the contract at issue.

## FOURTEENTH DEFENSE

Defendant affirmatively pleads any and all defenses available to the principal obligor, Global Oilfield Contractors, LLC.

## FIFTEENTH DEFENSE

Defendant affirmatively pleads that the Plaintiff changed the terms of the underlying obligation to the extent that Defendant is released from its alleged obligations as a guarantor.

## SIXTEENTH DEFENSE

Defendant avers that the amount of damages claimed by Plaintiff far exceeds the value of Defendant's alleged interest in the M/V JEFFREY D through the bareboat charter at issue. As such, Defendant claims the benefit of the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30505, et seq., and further avers that should Judgment be rendered herein against Defendant, that Plaintiff is entitled to have its liability limited to the amount or value of its interest in the vessel and her pending freight, if any, as of the date of incident in question.

## SEVENTEENTH DEFENSE

Defendant respectfully reserves its right to amend this Answer and Affirmative Defenses to include any other appropriate defense(s) that may be developed through discovery or investigation of the claims alleged in Plaintiff's Complaint and First Amended Complaint.

## EIGHTEENTH DEFENSE

In the event that Defendant is deemed to be a guarantor of the Bareboat Charter at issue, which is denied, Defendant affirmatively avers that he is not liable *in solido*.

## NINETEENTH DEFENSE

In the further alternative, and subject to the exceptive allegations and affirmative defenses set forth herein, Defendant denies each and every allegation set forth in the Complaint

and First Amended Complaint, except as the same may be hereinafter admitted or modified. In further responding to said allegations, Defendant avers as follows:

1.

To the extent that Paragraph 1 of the Complaint and First Amended Complaint calls for a legal conclusion, no response is required from Defendant. But to the extent a response is deemed required, the allegations of Paragraph 1 of the Complaint and First Amended Complaint are denied.

2.

To the extent that Paragraph 2 of the Complaint and First Amended Complaint calls for a legal conclusion, no response is required from Defendant. But to the extent a response is deemed required, the allegations of Paragraph 2 of the Complaint and First Amended Complaint are denied.

3.

To the extent that Paragraph 3 of the Complaint and First Amended Complaint calls for a legal conclusion, no response is required from Defendant. But to the extent a response is deemed required, the allegations of Paragraph 3 of the Complaint and First Amended Complaint are denied.

4.

The allegations of Paragraph 4 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein.

6.

The allegations of Paragraph 6 of the Complaint and First Amended Complaint are denied for lack of sufficient information to justify a belief therein, except to admit that Jeffrey J. DeRosia is a person of full age and majority.

7.

To the extent that Paragraph 7 of the Complaint and First Amended Complaint calls for a legal conclusion, insofar as it pertains to the Long Arm Statute, and no response is required from Defendant. But to the extent a response is required, the allegations contained are denied. Regarding Jeffrey G. DeRosia's personal information, the allegations as to his age, residence, and domiciliary are admitted.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied for lack of sufficient information to justify a belief therein.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations of Paragraph 13 are denied except as to Jeffrey J. DeRosia which allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 are denied except as to Jeffrey J. DeRosia which allegations are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 are denied.

16.

The allegations of Paragraph 16 are denied.

17.

The allegations of Paragraph 17 are denied.

18.

The allegations of Paragraph 18 are denied.

19.

The allegations of Paragraph 19 are denied.

20.

The allegations of Paragraph 20 do not pertain to Defendant and are denied for lack of sufficient information to justify a belief therein.

21.

The allegations of Paragraph 21 do not pertain to Defendant and are denied for lack of sufficient information to justify a belief therein.

22.

The allegations of Paragraph 22 are denied.

23.

The allegations of Paragraph 23 are denied.

24.

The allegations of Paragraph 24 are essentially a prayer for relief which does not require a response from Defendant. But to the extent a response is deemed necessary, such allegations are denied.

25.

The paragraph beginning with the word "WHEREFORE" does not require a response from Defendant. But to the extent a response is deemed necessary, such allegations are denied.

WHEREFORE, Defendant, Jeffrey G. DeRosia, prays that this Answer be deemed good and sufficient and that after due proceedings are had, that there be Judgment in his favor and against Plaintiff Lily Jane, LLC, dismissing its Complaint and First Amended Complaint at its own cost.

Respectfully submitted,

PREIS & ROY, PLC

*/s/ Ezra L. Finkle*
JOSEPH E. LEE III, T.A. (#26968)
EZRA L. FINKLE (#32139)
Pan American Life Center
601 Poydras Street, #1700
New Orleans, LA 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
E-mail: JEL@preisroy.com
ELF@preisroy.com
**Counsel for Jeffrey G. DeRosia**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing pleading has this date been served on all counsel of record in these proceedings by:

| | | | | | |
|---|---|---|---|---|---|
| ( | ) | Hand Delivery | ( | ) | Prepaid U.S. Mail |
| ( | ) | Facsimile | ( | ) | Federal Express |
| ( X ) | | ECF | | | |

New Orleans, Louisiana, this 15th day of August, 2013.

/s/ *Ezra L. Finkle*
JOSEPH. E LEE III
EZRA L. FINKLE

#1701980